# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2026

Lyle W. Cayce
Clerk

No. 25-30034

United States of America,

*Plaintiff—Appellee*,

*versus*

Adrien Marcel Brown,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CR-253-2

_____

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Adrien Marcel Brown pled guilty to one count of conspiracy to distribute or possess with intent to distribute fifty grams or more of methamphetamine. On appeal, he argues for the first time that his guilty plea lacked a sufficient factual basis. We disagree.

Before entering judgment on a defendant's guilty plea, the district court must ensure the plea has a sufficient factual basis. Fed. R. Crim. P.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

11(b)(3). Because Brown did not object to the factual basis in the district court, we review for plain error. *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Thus, Brown must show an error that is "clear" or "obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993). We examine "the entire record" to determine if the district court's acceptance of the guilty plea amounted to plain error. *Trejo*, 610 F.3d at 313.

Brown cannot show such an error. Consider the evidence supporting his plea. The factual basis—stipulated to by Brown and the Government—reports that law enforcement officers executed a search warrant at the house that Brown shared with his girlfriend, Andrea Bass. There, officers found over fifty grams of pure methamphetamine, "among other items." At Brown's detention hearing, a DEA agent elaborated on the events that preceded the search. Federal and state police had been investigating Bass and another man, Donald Pollard, for drug trafficking. Bass was "believed to be distributing illegal narcotics on behalf of Adrien Brown," and Pollard was "believed to be obtaining his quantity of drugs from Adrien Brown." Agents ultimately arrested Bass outside the residence she shared with Brown, but when they went to contact Brown, he fled. Bass pled guilty to conspiracy to distribute or possess with intent to distribute methamphetamine.

Brown's Presentence Report elaborates on the evidence found at his residence: 1.4 pounds of heroin, 117.8 grams of methamphetamine, 50 grams of marijuana, six grams of crack cocaine; two firearms (one stolen); $31,620 in cash, consisting of $20- and $100-dollar bills; and "numerous mixing bowls, multiple cutting agents, and drug ledgers." The record also reveals that an officer earlier observed what "appeared to be" a narcotics transaction between Brown and another man outside Brown's residence. Finally, at Brown's plea hearing, the court asked Brown: "[D]id you conspire with another person to possess with the intent to distribute at leas[t] 50 grams or more of methamphetamine?" Brown responded, "Yes, sir, I did."

Based on these facts, Brown cannot show clear or obvious error. Brown attempts to argue that there is no evidence of his knowing participation in a drug conspiracy. While it is of course true that Brown's mere presence near narcotics and association with Bass cannot, alone, support a conspiracy conviction, this case has additional evidence. *See United States v. Brito*, 136 F.3d 397, 409 (5th Cir. 1998). Brown and Bass cohabited a house filled with drugs, guns, drug paraphernalia, and cash. That is all relevant circumstantial evidence supporting Brown's guilty plea. *See, e.g.*, *United States v. Mohamed*, No. 22-10893, 2024 WL 749574, at *2 (5th Cir. Feb. 23, 2024) (per curiam) (finding that drugs, baggies, and a digital scale in the defendant's bedroom, plus $6,995 in cash in the fireplace, were sufficient "indicia of ongoing drug sales to constitute proof of a drug conspiracy").

None of the precedents Brown relies on are to the contrary. Instead, they involve different crimes with different elements. *See Trejo*, 610 F.3d at 314–18 (holding that transportation of drug funds did not establish the specific intent necessary for money laundering); *United States v. Smith*, 997 F.3d 215, 224 (5th Cir. 2021) (holding that defendant's admission that he "touched" a firearm was insufficient to show possession); *United States v. Garcia-Paulin*, 627 F.3d 127, 133 (5th Cir. 2010) (holding that supplying fraudulent passport stamps was insufficient to show defendant "brought" aliens into the United States). Thus, those precedents do not make the district court's acceptance of Brown's guilty plea "clear" or "obvious" error.

AFFIRMED.